IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00259-FDW
(3:07-cr-00061-FDW-14)

| | |
|---|---|
| STEVEN JERMONTE CURETON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | ORDER |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, which the Court finds is properly construed pursuant to 28 U.S.C. § 2255.

## I.  BACKGROUND

On January 5, 2009, Petitioner was sentenced in this District to a term of 240-months' imprisonment following his guilty plea to one count of conspiracy to possess with intent to distribute cocaine base, cocaine, marijuana and 3, 4-Methylenedioxymethamphetamine ("Ecstasy"). (3:07-cr-00061, Doc. No. 392: Judgment).[1] Petitioner's judgment was affirmed on direct appeal. See United States v. Cureton, 389 F. App'x 252 (4th Cir. 2010) (unpublished).

Petitioner next filed several § 2255 motions in an effort to vacate his sentence contending that he was entitled to relief based on, among other authority, the Fourth Circuit's en banc opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). See 3:11-cv-00486-FDW

---

[1] An amended judgment was entered after Petitioner's initial § 2255 motion was granted based on a finding that his attorney had failed to file a notice of direct appeal. (Id., Doc. No. 505: Amended Judgment).

1

(W.D.N.C. Oct. 11, 2012) (denying claim of ineffective assistance of counsel for failure to predict change in law after Simmons); 3:13-cv-00362-FDW (W.D.N.C. June 19, 2013) (dismissing Simmons claim presented in an unauthorized, successive § 2255 motion); 3:14-cv-00281-FDW (W.D.N.C. June 4, 2014) (dismissing § 2255 motion to challenge § 851 enhancement as an unauthorized, successive § 2255 motion).

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

In the present case, Petitioner contends that he should be entitled to collateral relief from his sentence which was based on a § 851 notice and he argues that such relief was obtained by a co-defendant, Lorenzo Lee Johnson. In that case, however, the Government expressly waived the one-year statute of limitations under § 2255(f)(1) which allowed this Court to reach the merits of the § 2255 motion and this was Johnson's first § 2255 motion. See Johnson v. United States, 3:12-cv-00470-FDW (W.D.N.C. Nov. 20, 2014).

Petitioner's present claim for relief must fail because he has already filed one unsuccessful § 2255 motion to challenge his sentence, and he has provided no evidence that he is authorized to proceed with a second § 2255 motion.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has not demonstrated that he is entitled to seek further relief from his sentence under § 2255, this Court is therefore without jurisdiction to consider the merits, if any, of Petitioner's present arguments. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that

the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 1, 2015

Frank D. Whitney
Chief United States District Judge